[No. 14486.  Department Two.  December 5, 1917.]

THE STATE OF WASHINGTON, *on the Relation of Fred Everett,*
*Plaintiff,* v. THE SUPERIOR COURT FOR WHATCOM
COUNTY, *W. H. Pemberton, Judge, Respondent.*[1]

TAXATION—FORECLOSURE — JUDGMENT — SUFFICIENCY.  A form for
judgment in a tax foreclosure is not objectionable, in that it em-
ploys the singular instead of the plural, where that can be changed;
nor that it omits recitals of the performance of the duty of officers
which would be presumed in any event; nor that it omits recitals of
the priority of liens which were established by the judgment or by
the law relating to the priority of local assessments; nor that it
fails to provide for interest, where the judge indicated that his judg-
ment would provide for the interest.

MANDAMUS—WHEN LIES—TO COURTS.  Mandamus does not lie to
compel a judge to sign a certain form where the judge's return shows
that he offered to cure any defects in the form of judgment which he
refused to sign.

Application filed in the supreme court October 13, 1917,
for a writ of mandamus to compel the superior court for
Whatcom county, Pemberton, J., to sign foreclosure judg-
ments upon a form prepared by the relator.  Denied.

*Douglas & Schramm,* for plaintiff.

*W. P. Brown,* for respondent.

MOUNT, J.—This is an application for a writ of mandate
to require the superior court of Whatcom county to sign
judgments in thirty-seven tax foreclosure cases upon a form
prepared by the relator.  It appears from the application
for the writ, and from the return of the judge before whom
the cases are pending in Whatcom county, that the clerk's
office of that county had provided a form for judgments in
these cases wherein expense was saved to the county by the
use of the form provided by that county.  When the relator
requested the judge to sign the special form which he had
prepared, the court stated to counsel that the county already

[1]Reported in 169 Pac. 22.

had a form prepared, and announced that, if relator's attorneys would show wherein the form of judgment used in that county was insufficient or improper, the court would enter a sufficient and proper judgment. Thereafter this application was made to this court to require the judge to sign the form prepared by the relator.

It is argued by the relator that the form prepared by his counsel is a proper form, and that the form of judgment used in Whatcom county is not a proper form, and, therefore, the refusal of the trial court to sign the form prepared by the relator is an abuse of discretion. The return of the trial court, in substance, is to the effect that counsel for the relator have not pointed out wherein the form prepared by Whatcom county is not sufficient, but that fact is disputed by counsel for the relator, who argue to this court that the form prepared by Whatcom county is insufficient for six reasons, as follows:

First: Said form provides for the foreclosure of only one certificate of delinquency, whereas, in three of the cases, relator is seeking the foreclosure of two certificates.

Second: Said form contains no recital that the listing of said property and the assessment, equalization and levy of taxes thereon were duly and regularly done.

Third: Said form contains no recital to the effect that the claims of the defendants in the foreclosure action are inferior to relator's lien and that there is no adjudication barring their claims in and to the property.

Fourth: Said form contains no recital showing the name of the person to whom the property was assessed, nor in whose name the certificate of delinquency was issued.

Fifth: Said form contains no adjudication to the effect that relator's lien is subject to the lien of local improvement assessments of the city in which the property is situate, nor does the order of sale require the treasurer to sell and convey subject to said local improvement assessments.

Sixth: Neither the form of judgment nor the order of sale makes provision for interest between the date of judgment and the date of sale.

Forms of the judgments proposed, both by the court and by the relator, are copied into the petition. It is unnecessary, we think, to set them out in this opinion. It is true the form provided for by the county uses the singular in describing the certificate, but it is apparent that, where more than one certificate is being foreclosed, as in three of the cases, the singular can be changed to the plural so that the judgment will accurately describe the certificates, and this, no doubt, will be done when the attention of the court is called to it.

As to the second objection, that there is no recital that the listing of the property and the assessment, equalization and levy of taxes were duly and regularly done, such facts, if proven, are proper to be inserted in the judgment. The presumption is, of course, that the assessing officers did their duty and that the assessment, equalization and levy of taxes were regularly made, so that the omission of these facts from the judgment would not be an improper omission.

The third objection, that the form of judgment furnished by the county makes no recital that the claims of the defendants are inferior to plaintiff's lien, nor any judgment barring their claims in and to the property, is not a valid objection, because the judgment of foreclosure necessarily makes the defendants' claims, whatever they may be, inferior to the rights of the plaintiff in foreclosure.

The fourth objection, that there is no recital showing the name of the person to whom the property was assessed, nor in whose name the certificates of delinquency were issued, is probably proper to be recited in the judgment.

The fifth objection, that the form contains no adjudication to the effect that plaintiff's lien is subject to the lien of local improvement assessments of the city in which the prop-

erty is situate, is clearly not a necessary part of the judgment in this foreclosure action, because local improvement liens are prior to the rights of the relator.

The sixth objection is that neither the form of judgment nor the order of sale makes provision for interest between the date of the judgment and the date of the sale. The form which the judge indicated he would sign provides for sale of the property sufficient to satisfy the judgment, "together with interest, costs and accruing costs thereon." We are satisfied, therefore, that there is not sufficient in these objections to warrant us in issuing a mandate to the trial court to sign the form of judgments prepared by the relator in preference to the form prepared by the county, especially where the court makes a return to the effect that, if there are any omissions from that form, he will sign judgments which will cure the objections.

For this reason, the application is denied.

ELLIS, C. J., FULLERTON, and HOLCOMB, JJ., concur.